UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lacy Sheppard, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 4225 |
| | ) | |
| vs. | ) | Honorable Judge Robert M. Dow, Jr. |
| | ) | |
| Valentine, Hernandez, Vasquez, Berry, Santana, Koll. | ) ) | |
| | ) | |
| Defendants, | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Now come Defendants, Sergeant Valentine, Deputy Sheriff Hernandez, Deputy Sheriff Berry, Deputy Sheriff Santana, and Officer Knoll (collectively "Defendants"), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Ryan D. Suniga, and answers Plaintiff's Complaint as follows:

### STATEMENT OF CLAIM

*Parties*

1. The Plaintiff Lacy Sheppard was incarcerated at Cook County Department of Correction during the events described in this complaint.

**Answer:** Defendants admit the allegations in paragraph 1.

2. Defendants Valentine, Vasquez, Hernedez, Berry, Santana are officers of Cook County Department of Correction. They are sued in their individual capacity.

**Answer:** Defendants admit that they are officers of the Cook County Sheriff's Department, but deny the remaining allegations of paragraph 2.

*Facts*

3. Lacy Sheppard has a serious medical problem with his right rotator cup/torn ligaments. Sheppard has a medical permit that was issued to him on 9/14/17 to 6/28/18. To be cuff to the front at all times.

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4. On February 6, 2018, Sheppard was let out of his cell 1267 housing unit 2-C, division 9 for his day-room time. This was on 2nd shift 3:00 p.m. to 11:00 p.m.

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5. Sheppard has medical records and video footage that he was being assaulted/mistreated by officers Hernedez, Vasquez, Berry, Santana, & Koll.

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

*Excessive Force*

6. Lacy Sheppard approach officer Koll. Sheppard ask Koll. "If he could talk to the psych doctor." Due to the fact Mr. Sheppard's mother's Birthday has passed, and he was morning his mother's death.

**Answer**: Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. Officer Koll calls his supervisors at the time Sergant Valetine and Sergent Velez. Koll notifies his supervisors, that Sheppard is in need of a psych evaluation.

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

2

8. Officer Koll calls Sheppard to the inner lock. Koll cuffs Sheppard to the back and escorts Sheppard to the sergant along with Officer Hernedez, Vasquez, Berry, and Santana. To address Sheppard's issue.

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. Sheppard explanes his issue to Sergant Valentine and Velez. After Sheppard explanes his issue. Sheppard starts to explane about his right shoulder. How he has a medical permit to be cuff to the front.

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10. Sergant Valetine ignores Sheppard pleas for help and tells his officers to escort Sheppard back to his cell.

**Answer:** Defendants deny the allegations of paragraph 10.

11. Sheppard ask Sergant Valetine and his officers mention in this complaint, about "his psych evaluation?"

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. Henedez, Vasquez, Berry and Santana left Sheppard by his arms and feet. Carrying Sheppard back to his cell. At no time did Sheppard acted in any kind of aggressive manner, towards these officers.

**Answer:** Defendants deny the allegations of paragraph 12.

13. As the officers are carrying Sheppard, Sheppard is complaining about his right shoulder. Screaming that it's about to pop out of place. Officers knew about Sheppard's medical condition again ignor his pleas for help.

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14. Sheppard's right shoulder pops out of place. Officers hear the pop, and places Sheppard on his feet. Taking Sheppard to despencery.

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. Sheppard is still handcuff to the back while waiting for medical attention. Sheppard goes to the nurse station where the nurse pops Sheppard's right shoulder back in place.

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. Sheppard was then cleared by medical staff, and sent back to his housing unit.

**Answer:** Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

### *Claims for Relief*

17. The action of Valentine in preventing his officers from misuse of force. Were done malicicously to plaintiff. Causing plaintiff's right shoulder to dislocate. Violates the plaintiff 8th Amendment of the United States Constitution.

**Answer:** Defendants deny the allegations of paragraph 17.

18. Defendants failure of honoring Cook county Department of Corrections's policy and procedures. Ignoring plaintiff's medical permit Violates plaintiff medical permit. Violates plaintiff's 14th Amendment of the United States Constitution.

**Answer:** Defendants deny the allegations of paragraph 18.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's complaint, Defendants allege the following separate affirmative defenses against Plaintiff.

### I.
### 42 U.S.C. §1997e(a)

1. Under Section 1997e(a) of the Prisoner Litigation Reform Act, plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

2. Plaintiff has not exhausted his administrative remedies.

### II.
### 42 U.S.C. §1997e(e)

3. Plaintiff has requested compensatory damages but has not stated whether he seeks compensation for mental distress.

4. Section 1997e(e) of the PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code).

5. Plaintiff cannot show physical injury and, as a result, under Section 1997e(e) of the PLRA cannot seek damages for alleged mental distress.

## III.
## Qualified Immunity

6. With respect to the Plaintiff's claims, the Defendants did not cause the deprivation of any constitutional rights of Plaintiff.

7. The conduct of Defendants was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

8. Accordingly, all Defendants are entitled to the defense of qualified immunity.

## IV.
## Immunity from Punitive Damages

9. To the extent Plaintiff seeks punitive damages from the Defendants in their official capacity, Defendants assert immunity from same.

10. First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

11. Second, a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## IV.
## Failure to Mitigate

11. Without waiving their denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendants, the claims are barred to the extent Plaintiff failed to act reasonably to mitigate his damages.

12. To the extent Plaintiff has failed to mitigate his damages, any award of damages may be reduced by the amount by reason of said failure to mitigate.

## JURY DEMAND

Defendants respectfully requests a trial by jury.

WHEREFORE, Defendants respectfully requests that this Honorable Court enter an order: (a) dismissing Plaintiff's complaint with prejudice and assessing costs against Plaintiff and (b) providing such other and further relief that this Honorable Court deems necessary and appropriate.

                                Respectfully Submitted,

                                KIMBERLY M. FOXX
                                State's Attorney of Cook County

By:    */s/ Ryan D. Suniga*
        Ryan D. Suniga
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-7930
        ryan.suniga@cookcountyil.gov